## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANTHONY FERNANDEZ**                           **CIVIL ACTION**

**VERSUS**                                       **CASE NO. 14-701**

**DANIEL E. BECNEL, JR. ET AL.**                 **SECTION: "G"(1)**

## <u>ORDER</u>

       In this litigation, *pro se* Plaintiff Anthony Fernandez ("Fernandez") seeks damages from Defendants Daniel Becnel, Jr., Darryl Becnel, Camilo Salas, and Judge Ralph Tureau (collectively "Defendants") under an array of theories, allegedly in connection with a state court distribution of settlement funds. Presently pending before the Court are three motions: (1) Judge Tureau's "Motion to Dismiss Second Amended Complaint;"[1] (2) Camilo Salas' ("Salas") "Motion to Dismiss"[2] and (3) Daniel and Darrell Becnel's ("the Becnels") "Motion to Dismiss."[3] These motions were filed on August 14, 2015, August 18, 2015, and August 19, 2015, respectively. Judge Tureau and Salas' motions to dismiss were set for submission on September 2, 2015 and the Becnels' motion to dismiss was set for submission on September 16, 2015. Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Fernandez has not filed an opposition to any of the pending motions, and therefore the motions are deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[4] This Order addresses all three motions. Having reviewed the motions, the memoranda in support, the

---

[1] Rec. Doc. 50.

[2] Rec. Doc. 51.

[3] Rec. Doc. 52.

[4] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

record, and the applicable law, the Court will grant the motions.

## I. Background

### A.    *Factual Background*

In Fernandez's amended complaint, he alleges that on April 3, 2001, he was injured as a result of a chemical explosion and chemical spill that occurred at "VULCAN facility" which was located next to the Shell plant where he worked.[5] Fernandez alleges that he was not offered medical services, nor did he receive compensation equal to white workers in the same job situation.[6] Fernandez alleges that "the claim form was mail [sic] by Attorney Darryl J. Becnel Jr. and Daniel E. Becnel April 2007 but he could not go unto [sic] the Becnel's office (called every day for an appointment) until June 20, 2007 which was two day before the dead line [sic] was set to file a claim."[7] Fernandez alleges that Judge Ralph Tureau donated $12,866.81 of the "Vulcan April 2001 Settlement Funds" to "friends during a Parish Council Meeting on May 19."[8] Fernandez alleges that as Special Master, Camilo Salas did not perform his duty to Fernandez by allowing Judge Tureau to claim and donate the money, which he alleges was designated for the victims of the chemical explosion at the Vulcan Chemical Plaint.[9]

### B.    *Procedural Background*

Fernandez filed a complaint on March 27, 2014, alleging that he is entitled to recover "$300

---

[5] Rec. Doc. 43 at p. 2.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

million dollars to 1.6 billions" from the defendants.[10] Daniel and Darryl Becnel filed a "Motion to

Dismiss Case as Frivolous"[11] on April 17, 2014. Fernandez filed an opposition on May 5, 2014,[12]

and, with leave of Court, filed two supplemental memoranda in opposition May 13, 2014[13] and May

15, 2014.[14] Tureau filed a "Motion to Dismiss" on May 8, 2014.[15] Salas filed a "Motion to Dismiss"

on July 10, 2014.[16] Fernandez filed an opposition to both motions on July 16, 2014.[17] Fernandez filed

a "Motion for Summary Judgment" on July 15, 2014.[18] Tureau, Salas, and the Becnels filed

oppositions to that motion on July 29, 2014.[19]

On November 10, 2014, the Court granted all three motions to dismiss on the grounds that

Fernandez had not met his burden of establishing the basis of federal jurisdiction.[20] The Court found

that Fernandez's complaint did not distinctly and affirmatively allege the citizenship of the Becnels,

Judge Tureau, or Salas, nor had Fernandez identified a federal cause of action.[21] The Court entered

---

[10] Rec. Doc. 1 at pp. 2–3.

[11] Rec. Doc. 5.

[12] Rec. Doc. 11.

[13] Rec. Doc. 17.

[14] Rec. Doc. 20.

[15] Rec. Doc. 15.

[16] Rec. Doc. 24.

[17] Rec. Doc. 27.

[18] Rec. Doc. 26.

[19] Rec. Doc. 28; Rec. Doc. 29; Rec. Doc. 30.

[20] Rec. Doc. 31.

[21] *Id.* at p. 12.

judgment on November 12, 2014, dismissing Fernandez's claims without prejudice.[22]

Fernandez subsequently filed a "Motion for Reconsideration,"[23] a "Motion to Submit Evidence Omitted from Motion for Reconsideration,"[24] and a "Motion for Leave to File a Second Amended Complaint,"[25] on December 10, 2014, December 23, 2014, and April 13, 2015, respectively. After reviewing Fernandez's motions, the Court found that reconsideration was warranted in the interests of justice.[26] On July 10, 2015, the Court granted Fernandez's motions and vacated the Court's prior Order and Judgment dismissing Fernandez's claims without prejudice.[27] Fernandez's second amended complaint was filed into the record on July 10, 2015.[28]

On August 14, 2015, Judge Tureau filed a "Motion to Dismiss Second Amended Complaint."[29] On August 18, 2015, Salas filed a "Motion to Dismiss."[30] Daniel Becnel, Jr. and Darryl Becnel filed their "Motion to Dismiss"[31] on August 19, 2015. Fernandez has not filed an opposition to any of the three motions to dismiss.

---

[22] Rec. Doc. 32.

[23] Rec. Doc. 33.

[24] Rec. Doc. 35.

[25] Rec. Doc. 39.

[26] Rec. Doc. 42 at p. 6.

[27] *Id.* at pp. 6–7.

[28] Rec. Doc. 43.

[29] Rec. Doc. 50.

[30] Rec. Doc. 51.

[31] Rec. Doc. 52.

## II. Parties' Arguments

### A.    *Judge Tureau's Motion to Dismiss*

In his "Motion to Dismiss Second Amended Complaint,"[32] Judge Tureau urges the Court to dismiss Fernandez's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because: "(1) this Court lacks jurisdiction over suits, like this one, that are appeals from state court judgments; (2) judicial immunity bars all purported claims asserted against Judge Tureau; and (3) the Second Amended Complaint fails to allege facts giving rise to a cause of action against Judge Tureau."[33] Judge Tureau asserts that because Fernandez has attempted, but failed to correct the jurisdictional defects identified by this Court, the Second Amended Complaint should be dismissed with prejudice.[34]

First, Judge Tureau asserts that the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, which Judge Tureau contends "directs that federal courts lack subject matter jurisdiction to review final state court decisions arising out of judicial proceedings unless a federal statute specifically authorizes such review."[35] Judge Tureau avers that it is unclear what causes of action Fernandez seeks to assert against him but assuming the Second Amended Complaint is intended to assert a cause of action under 42 U.S.C. §§ 1983, 1985, or both, such claims must be dismissed under *Rooker-Feldman* because it is either a collateral attack on the state court judgment or because it is inextricably intertwined with the state court judgment.[36]

---

[32] Rec. Doc. 50.

[33] *Id.*

[34] *Id.*

[35] Rec. Doc. 50-1 at p. 3 (citing *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994)).

[36] *Id.* at p. 4.

5

Judge Tureau also avers that *Rooker-Feldman* prevents this Court from exercising jurisdiction to the extent that the Second Amended Complaint is intended to challenge the *cy pres* donation of funds from the Vulcan April 2001 Settlement Fund.[37] Citing *Adams v. CSX Railroads*[38] and *Cavalier v. Mobil Oil Corp.*,[39] Judge Tureau asserts that a review of a *cy pres* donation, as with any other state court judgment, must be done through the state court appellate process, not through collateral attack in federal court.

Second, Judge Tureau contends that judicial immunity bars the claims alleged against him.[40] Quoting *Hill v. McClellan*,[41] Judge Tureau asserts that "[j]udges acting within their jurisdiction and authority are immune from suit under [42 U.S.C.] §§ 1983 and 1985."[42] Judge Tureau avers that "[b]ecause this *cy pres* donation is within the scope of Judge Tureau's jurisdiction and authority, he is entitled to judicial immunity for this act and the claims against him must be dismissed."[43]

Judge Tureau also asserts that the Second Amended Complaint should be dismissed for failure to allege facts giving rise to a cause of action against him.[44] He contends that the only allegation against him is that he "violated Fernandez's rights by donating 12,866.81 dollars to friends during a Parish Council Meeting on May 19 from the Vulcan April 2001 Settlement

---

[37] *Id.*

[38] 2012-0319 (La. 4/13/12); 84 So. 3d 1289, 1290.

[39] 2004-1543 (La. App. 4 Cir. 3/2/05); 898 So. 2d 584, 587.

[40] Rec. Doc. 50-1 at p. 5.

[41] 490 F.2d 859 (5th Cir. 1974), *overruled on other grounds by Sparks v. Duval Cnty. Ranch Co.*, 604 F.2d 976 (1979).

[42] Rec. Doc. 50-1 at p. 5.

[43] *Id.* at p. 6.

[44] *Id.*

Funds."[45] Judge Tureau contends that although the Second Amended Complaint purports to allege a claim against him under 42 U.S.C. § 1985, no factual allegations support this claim.[46] Furthermore, he avers that the conspiracy element is essential to causes of action for conspiracy to interfere with civil rights and courts have consistently rejected claims of federal conspiracy where there are only conclusory allegations of conspiracy.[47] Judge Tureau asserts that because the Second Amended Complaint does not plead specific facts giving rise to a cause of action against him, his Rule 12(b)(6) motion to dismiss should be granted.[48]

## B.   *Salas' Motion to Dismiss*

In his "Motion to Dismiss,"[49] Salas moves to dismiss the claims against him because "(1) Fernandez has not demonstrated that this Court has subject matter jurisdiction over this suit; (2) Fernandez has not properly served Salas with the suit and thus the Court has not acquired jurisdiction over Salas; and (3) the Complaint does not contain well-pleaded allegations of fact, which are required to state a claim upon which relief may be granted."[50]

Salas contends that Fernandez's suit stems from a class-action lawsuit, *Vercher v. Vulcan Chemicals*, in the 23rd Judicial District Court for the Parish of Ascension, in which Fernandez was a claimant.[51] Salas contends that Darryl Becnel and Daniel Becnel, Jr. were appointed class counsel,

---

[45] *Id.* at pp. 6–7 (quoting Rec. Doc. 43).

[46] *Id.* at p. 7.

[47] *Id.* (citing *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986); *U.S. ex rel. Simmons v. Zibilich*, 542 F.2d 259, 262 (5th Cir. 1976)).

[48] *Id.*

[49] Rec. Doc. 51.

[50] *Id.*

[51] Rec. Doc. 51-1 at p. 2.

7

Salas was appointed Special Master and Judge Tureau was the presiding judge.[52] Salas asserts that his responsibilities as Special Master included reviewing the records provided by the claimants and making recommendations to the court regarding allocations to be made for each claimant.[53] He contends that based on the records presented by Fernandez, Salas recommended that Fernandez receive $4,317.16 from the settlement funds.[54] According to Salas, Fernandez objected to that amount and the court held a hearing, during which Fernandez presented evidence.[55] Salas contends that the court overruled Fernandez's objection, entered a judgment awarding the recommended amounts to all class members, and that Fernandez did not appeal the court's judgment.[56]

Salas first contends that the Court lacks subject matter jurisdiction over the case pursuant to the *Rooker-Feldman* doctrine.[57] Salas incorporates by reference the arguments made in Judge Tureau's motion to dismiss.[58] Salas states that "[b]ecause [Fernandez's] claims arise from the Louisiana court's judgment in the *Vercher* case, which judgment is now final, under the *Rooker-Feldman* doctrine this Court lacks jurisdiction to hear Fernandez's claims."[59]

Salas also moves to dismiss the claims against him based upon improper service of

---

[52] *Id.*

[53] *Id.*

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.* at p. 3.

[58] *Id.*

[59] *Id.* (citing *Riley v. La. State Bar Ass'n*, 214 F. App'x 456, 458 (5th Cir. 2007)).

process.[60] He contends that without valid service, the Court did not acquire jurisdiction over him.[61] According to Salas, he was not served personally or in the manner required by Federal Rule of Civil Procedure 4.[62] Salas asserts that he previously filed a motion to dismiss objecting to the improper service through certified mail but because the Court dismissed the original complaint for lack of subject matter jurisdiction, Salas' motion to dismiss for lack of personal jurisdiction was never resolved.[63]

Finally, Salas asserts that the Second Amended Complaint does not contain sufficient facts to give rise to a cause of action against him.[64] Salas contends that Fernandez does not assert how he was treated differently from the other members of the class, explain what "trickery" was committed by the defendants, or assert what duty Salas owed to him.[65] Salas contends that the conclusory allegations do not suffice to prevent the Rule 12(b)(6) motion from being granted.[66]

## C.      *The Becnels' Motion to Dismiss*

Darryl and Daniel Becnel ("the Becnels") contend that Fernandez filed a petition in the 23rd Judicial District Court of Louisiana that "sets forth the same allegations as the instant complaint" and therefore is barred by collateral estoppel and *lis pendens*.[67] They contend that Fernandez filed

---

[60] *Id.*

[61] *Id.*

[62] *Id.* at p. 4.

[63] *Id.* at p. 3.

[64] *Id.* at p. 4.

[65] *Id.* at p. 5.

[66] *Id.*

[67] Rec. Doc. 52 at p. 1.

a petition in the 23rd Judicial District Court on April 10, 2013.[68] The Becnels contend that they brought exceptions in state court to which Fernandez did not reply and Fernandez failed to attend the hearing.[69] The Becnels aver that the exceptions were granted on June 3, 2013 and Fernandez did not appeal.[70]

The Becnels also assert that the complaint does not state a cause of action and the action is barred by the statutes of limitations, but the Becnels do not elaborate on these arguments.[71] Finally, the Becnels contend that there is no diversity in this court and "no federal causes of action stated in the complaint against these defendants who are no [sic] government actors."[72] The Becnels move for dismissal of the complaint at Fernandez's cost.[73]

### III. Law and Analysis

**A.      *Legal Standard on a Motion to Dismiss for Lack of Subject Matter Jurisdiction***

Both Judge Tureau and Salas move to dismiss for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.[74] The Becnels also assert that the Court lacks jurisdiction because there is no diversity between the parties and there are no federal causes of action stated in the complaint "against these defendants who are no [sic] governmental actors."[75]

---

[68] Rec. Doc. 52-1 at p. 1.

[69] *Id.*

[70] *Id.* at p. 2.

[71] *Id.*

[72] *Id.*

[73] *Id.*

[74] *See* Rec. Doc. 50-1 at p. 2; Rec. Doc. 51-1 at p. 3.

[75] Rec. Doc. 52-1 at p. 2.

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute,"[76] and it is a "first principle of federal jurisdiction" that a federal court must dismiss an action "whenever it appears that subject matter jurisdiction is lacking."[77] Lack of subject-matter jurisdiction is a threshold issue,[78] and the Fifth Circuit directs that when a motion to dismiss for lack of subject matter jurisdiction "is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[79] This practice "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[80] When opposing a 12(b)(1) motion, as at all other times, the party asserting federal jurisdiction bears the burden of proof.[81] Since Fernandez is *pro se*, the Court will construe his complaint liberally.[82] Because the *Rooker-Feldman* doctrine is jurisdictional, the Court must address this issue first.[83]

## B.    Analysis

The *Rooker-Feldman* doctrine denies federal courts subject matter jurisdiction to review or modify the final decisions of state courts unless there is a federal statute that specifically permits

---

[76] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[77] *Stockman v. Fed. Election Com'n*, 5th Cir. 138 F.3d 144, 151 (5th Cir. 1998).

[78] *See* CHARLES A. WRIGHT, ARTHUR R. MILLER *ET AL.* 5B FEDERAL PRACTICE & PROCEDURE § 1350 (3d Ed. 2014).

[79] *Ramming v. U.S.*, 281 F.3d 158 (5th Cir. 2001).

[80] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286–87 (5th Cir. 2012).

[81] *Ramming*, 281 F.3d at 161.

[82] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[83] *Truong v. Bank of Am., N.A.*, 7171 F.3d 377, 381–82 (5th Cir. 2013).

such a review.[84] In *Rooker v. Fidelity Trust Co.*,[85] the plaintiff filed suit in federal district court, claiming that the state court, in a case in which the plaintiff was a party, had given effect to a state statute alleged to be in conflict with the contract clause of the Constitution and the due process and equal protection clauses of the Fourteenth Amendment.[86] The Supreme Court held that "[i]f the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right to wrong, was an exercise of jurisdiction."[87] The Supreme Court held that the district court lacked jurisdiction because "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment for errors of that character."[88]

In *District of Columbia Court of Appeals v. Feldman*,[89] two plaintiffs brought suit in federal court challenging the District of Columbia Court of Appeals' refusal to waive a court rule requiring District of Columbia bar applicants to have graduated from an accredited law school.[90] The Supreme Court held that the proceedings before the District of Columbia Court of Appeals were judicial in nature and the district court lacked subject matter jurisdiction over their claims.[91] The Supreme Court found that district courts do not have jurisdiction "over challenges to state court decisions in

---

[84] *Union Planters Bank Nat'l Ass'n*, 369 F.3d 457, 462 (5th Cir. 2004).

[85] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

[86] *Id.* at 414–15.

[87] *Id.* at 415.

[88] *Id.* at 416.

[89] 460 U.S. 462 (1983).

[90] *Id.* at 464–65.

[91] *Id.* at 482.

particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional."[92]

Although the Supreme Court has cautioned that the *Rooker-Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name," it is fully applicable in such cases.[93] The doctrine prevents federal courts from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."[94]

Furthermore, the *Rooker-Feldman* doctrine is not circumvented by a party raising claims that were absent in the original proceeding or claims framed as original claims for relief if such claims are "inextricably intertwined" with the state judgment because inextricably intertwined claims require the federal court "in essence" to review the state court decision.[95] Although courts have had difficulty in the past in determining whether a state adjudication and a later federal action were sufficiently intertwined such that the federal action would amount to a review of the state action,[96] the Fifth Circuit has recently clarified that the phrase "'inextricably intertwined' does not enlarge the core holding of *Rooker* or *Feldman*."[97]

In *Truong v. Bank of America, N.A.*, the Fifth Circuit explained that the two hallmarks of the

---

[92] *Id.* at 486.

[93] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[94] *Id.*

[95] *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

[96] *In re Erlewine*, 349 F.3d 205, 209 (5th Cir. 2003).

[97] 717 F.3d 377, 385 (5th Cir. 2013) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).

*Rooker-Feldman* inquiry are: (1) "what the federal court is being asked to review and reject;" and (2) "the source of the federal plaintiff's alleged injury."[98] In this case, although not perfectly clear from Fernandez's amended complaint, it appears that Fernandez is asserting a claim pursuant to 42 U.S.C. § 1985, which provides:

> [i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . if one or more persons engaged therein do, or cause to be done, any act in furtherance of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Fernandez alleges that he was not compensated equally with white workers in the same position and that Judge Tureau violated his rights by donating $12,866.81 from the "Vulcan April 2001 Settlement Funds" to "friends during a Parish Council meeting on May 19."[99] In essence, Fernandez alleges that: (1) the judge, who presided over a case in which he was a claimant, violated his rights in a court ruling; (2) the special master appointed by the state court contributed to the violation of Fernandez's rights by allowing the judge to rule in this way; and (3) the attorneys involved in the case also allowed the money to be distributed erroneously.[100] Broadly construing Fernandez's complaint, Fernandez is asking this Court to review and reject the state court's award of settlement funds to Fernandez on the grounds that he was not compensated equally with white workers and to

---

[98] *Id.* (citing *Exxon Mobil Corp.*, 544 U.S. at 284).

[99]  Rec. Doc. 43 at p. 2.

[100]  *Id.*

14

also reject Judge Tureau's *cy pres* donation of settlement funds.[101] As the Supreme Court of

Louisiana has explained, "*[c]y pres* funds typically result from class action lawsuits when it is either

impossible or impractical to distribute the funds directly to the individuals who were injured. In

those situations the court may order that the funds be used for grants to benefit the class members

indirectly or as near as possible in order to remedy or compensate for the harm to the class

members."[102] Under either view, Fernandez is asking the Court to review and reject a state court

decision. As noted above, the Court lacks jurisdiction "over challenges to state court decisions in

particular cases arising out of judicial proceedings even if those challenges allege that the state

court's action was unconstitutional."[103]

The second hallmark of the *Rooker-Feldman* inquiry is the source of the federal plaintiff's

alleged injury.[104] The Fifth Circuit has found that

> [i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a
> state court, and seeks relief from a state court judgment based on that decision,
> *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the
> other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or
> omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.[105]

Here, Fernandez appears to allege that he was harmed as a result of the erroneous state court

distribution of funds. Therefore, the source of the alleged injury is the state court judgment itself.

---

[101] In Fernandez's opposition to Judge Tureau and Salas' first motions to dismiss, Fernandez asserted that Salas had refused to review and examine medical records "before Judge Tureau made a False Judgment in case No: 69,418 Division A, of $2.85000.00 [sic] Aug 31, 2007 Fri. "Salas" said that in a month he will review and examine all medical record that is fraud, no documentation shows 'no.' [sic] proof of medical record, Judge Tureau said he will hold pro/se case as long he want to." Rec. Doc. 27 at p. 1. It therefore appears that Fernandez is asserting that the court's judgment was made in error.

[102] *Adams v. CSX R.Rs.*, 2012-0139 (La. 4/13/12); 84 So. 3d 1289, 1290 n.1

[103] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

[104] *Truong v. Bank of Am., N.A.*, 717 F.3d 377 382–83 (5th Cir. 2013).

[105] *Id.* at 383 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).

Although the Court construes *pro so* complaints liberally, Fernandez bears the burden of establishing federal jurisdiction. Fernandez has not filed any opposition asserting why the relief he seeks is not barred by the *Rooker-Feldman* doctrine. Accordingly, the Court finds that because Fernandez appears to seek review and relief from the state court judgment, pursuant to the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over Fernandez's claims. Therefore, the Court may not reach Defendants' other arguments in favor of dismissal.

## IV. Conclusion

Accordingly;

**IT IS HEREBY ORDERED**  that Judge Tureau's "Motion to Dismiss Second Amended Complaint,"[106] Salas' "Motion to Dismiss,"[107] and the Becnel's "Motion to Dismiss"[108] are **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this  27th   day of October, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[106] Rec. Doc. 50.

[107] Rec. Doc. 51.

[108] Rec. Doc. 52.

16